IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 3:09CR444 |
| | ) | |
| Plaintiff, | ) | Judge Jack Zouhary |
| | ) | |
| v. | ) | |
| | ) | Government's Response to Defendant's |
| Shawn M. Lennard, | ) | Motion for Disclosure of Identity of |
| | ) | Confidential Informants |
| Defendant. | ) | |

Now comes the United States of America, through the undersigned counsel, and respectfully files the following response to the pending motion filed by defendant in this case:

The defendant has failed to provide any specifics as to why the disclosure of any informant is necessary to his defense. Analysis of this issue in federal court is governed by Roviaro v. United States, 353 U.S. 53 (1957).

In Roviaro v. United States, 353 U.S. 53 (1957), the U.S. Supreme Court confirmed the principle of law that the government has a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Id. at 59. The unambiguous purpose of this privilege, as published by the Court, "is the furtherance and protection of the public interest in effective law enforcement. The privilege

recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by <u>preserving their anonymity</u>, encourages them to perform that obligation." <u>Id</u>. at 59 (emphasis supplied). Although <u>Roviaro</u> was based upon the Court's supervisory jurisdiction, it would have been decided the same way if the challenge had been based on constitutional (<u>via</u>., Due Process and Confrontation Clause) grounds. <u>See United States v. Valenzuela-Bernal</u>, 458 U.S. 858, 870 (1982).

The scope of this privilege against disclosure covers not only the identity of the informant but also the specific contents of his or her communications where the contents would "tend to reveal the identity of an informer." <u>Id</u>. at 60. It extends both to areas involving issues of guilt or innocence as well as to matters relating solely to the admissibility of evidence. <u>Id</u>. at 61. Indeed, the Due Process Clause had never required the disclosure of an informant's identity at a suppression hearing. <u>See United States v. Raddatz</u>, 447 U.S. 667, 679 (1980); <u>McCray v. Illinois</u>, 386 U.S. 300 (1967).

To assist in determining the extent to which this privilege can be applied in the prosecution of a criminal case without violating a defendant's constitutional rights, <u>Roviaro</u> established a simple test. As articulated by the Ninth Circuit in <u>United States v. Whitney</u>, 633 F.2d 902 (9th Cir. 1980), that test "is a balancing test, which, while recognizing the government's legitimate interest in protecting the confidentiality of an informant because disclosure of identity frequently terminates an informant's usefulness, nonetheless requires a balancing of the 'public interest in protecting the flow of information against the individual's right to prepare his defense'." <u>Id</u>. at 911; <u>United States v. Aguirre</u>, 716 F.2d 293, 300-301 (5th Cir. 1983).

For the government in the first instance to be able to stake a claim to this privilege in a particular case, three elements must be present:

1. Receipt by the government of information about criminal activity from a confidential source under a grant - either express or implied - of anonymity;

2. A legitimate and substantive law enforcement need on the part of the government to withhold identity of the source from the persons implicated in crime by the information. This need can manifest itself generally by a showing that disclosure under the circumstances in question would not be in the furtherance and protection of the public interest in effective law enforcement and specifically by a showing that disclosure would discourage either the particular informant in question or others similarly situated from living up to their continuing obligation to cooperate with law enforcement with respect to the commission of crimes; and

3. Confidentiality with respect to the identity of the source that remains intact at the time of trial.

In this regard, Whitney, supra, explicitly stands for the proposition that it is proper for the government to assert this privilege precisely for the purpose of maintaining a source's usefulness beyond the particular prosecution wherein his or her identity becomes an issue. Id. at 911. Indeed, Roviaro itself says that "the purpose of the privilege is to maintain the government's channels of communication by shielding the identity of an informer from those who would have cause to resent his conduct." Roviaro, supra at 60, footnote 8 (emphasis supplied).

Once the government's privilege has been established, the question then becomes whether the government's identified interests that are at stake are outweighed by other considerations relevant to the defendant's right to a fair trial. In that respect, Roviaro makes it clear that for the government's interests to be counterbalanced, the defendant must demonstrate in some material

3

respect that disclosure of the identity of the confidential source or the contents of his or her communication would be both relevant <u>and</u> helpful to the defense of the case in question. See also California v. Trombetta, 104 S.Ct. 2528, 2532 (1984) ("the prosecution...under some circumstances may be required to disclose the identity of undercover informants who possess evidence <u>critical</u> to the defense") (emphasis supplied). Cf. United States v. Valenzuela-Bernal, <u>supra</u> at 872-873 (accused most show that lost evidence was favorable and material to his defense). Speculative assertions about the materiality of the informer's evidence is not enough to warrant disclosure. United States v. Grisham, No. 84-1228 (8th Cir., decided November 13, 1984), slip op. at 5.

    This is a two-pronged test which is not satisfied unless the crucial second element - "<u>helpful</u> to the defense" - is present along with the first. It is not enough that the facts show that the confidential source has extensive personal knowledge about aspects of the crime charged - indeed that is inherent in the very idea of being an informant - or even that the source was present during the commission of the crimes charged <u>unless</u> it is also shown that he or she could provide evidence or testimony that is actually <u>helpful</u> - as opposed to harmful - to the defense. The accused has the burden to establish that disclosure would favor his or her defense. See United States v. Jiles, 658 F.2d 194, 197 (3d Cir. 1981), <u>cert</u>. <u>denied</u>, 455 U.S. 910 (1982). The court's ruling on appeal is tested by the abuse of discretion standard. See United States v. Grisham, <u>supra</u>, slip op. 5-6; United States v. Tousant, 619 F.2d 810 (9th Cir. 1980).

    Mere participation in the crime does not require disclosure of the informer's identity under the dictates of <u>Roviaro</u>. It is not required under <u>Roviaro</u> that the government identify all informants who participated in the crime no matter how attenuated the relationship between the accused and the informant might be. <u>Roviaro</u> involved an informant who directly participated with the accused

4

in the crime and witnessed it. The relevancy of testimony by such participants is obvious. <u>Roviaro</u> does not suggest the relevancy of testimony by an informant who has neither dealt with an accused nor witnessed his crimes. Therefore, it is obvious that the law does not mandate that trial courts order the disclosure by the government of the informant's identity in every conceivable situation.

<u>United States v. Whitney</u>, <u>supra</u>, also contains similar explanatory language with respect to the second prong of the test, stating that: "Whitney's assertion that identification of the informant was somehow essential to the preparation of his defense, <u>especially as the informant's knowledge tended to be inculpatory</u>, simply does not bear scrutiny." <u>Id</u>. at 911 (emphasis supplied).

The Fifth Circuit added an additional gloss to the second prong of the <u>Roviaro</u> test in <u>United States v. Morris</u>, 568 F.2d 396 (5th Cir. 1978), when it made the following statement:

> Public policy <u>forbids</u> disclosure of the identity of an informer except where it is essential to the defense. <u>Scher v. United States</u>, 305 U.S. 251, 254...(1938); <u>United States v. Toombs</u>, 497 F.2d 88, 92 (5th Cir. 1974).

<u>Id</u>. at 399 (emphasis supplied).

In <u>United States v. Alonzo</u>, 571 F.2d 1384, 1387 (5th Cir. 1978), the court offered the following amplification of the second prong of the test:

> A review of the evidence shows that, while the informant was present when the narcotic transactions occurred, he was not such a participant in the transactions that the disclosure of his identity would have been relevant and helpful to the defense. It is well settled that the government is not required to disclose the identity of an informant who is a mere tipster and not an active participant in the offense charged even though he was present during the transactions in question. <u>Roviaro v. United States</u>, 353 U.S. 53, 77...(1957).

<u>See also United States v. Alvarez</u>, 472 F.2d 111 (9th Cir. 1973).

5

As demonstrated by Alvarez, supra, a confidential source who merely conveys information he or she picks up from a suspect which he (the source) observes from the periphery of criminal activity is usually categorized as a simple "tipster" whose identity need not be disclosed to the defense. United states v. House, 604 F.2d 1135 (8th Cir. 1979); United States v. Hernandez-Berceda, 572 F.2d 680 (9th Cir. 1978); United States v. Arrington, 618 F.2d 1119 (5th Cir. 1980); Lannom v. United States, 381 F.2d 858 (9th Cir. 1967). Additionally, in the Sixth Circuit, disclosure has usually been denied when the informant was not a participant, but was a mere tipster or introducer. See United States v. Whitley, 734 F.2d 1129, 1137 (6th Cir. 1984). ; see also United States v. McManus, 560 F.2d 747 (6th Cir. 1977), cert. denied, 434 U.S. 1047, 98 S.Ct. 894 (1978).

In applying the Roviaro test to the facts of any particular case, the totality of the circumstances surrounding the involvement of the informant in the defendant's criminal acts, the character of the informant, and the particular circumstances of the case are all relevant factors that may be considered by the court. A court making such a determination must also consider "the crime charged, the possible defenses, the possible significance of the testimony, and other relevant factors." Roviaro, supra at 62.

In making the decision required by Roviaro, trial courts are required to take into account the importance of the information to the public interest and to the public safety, as well as the important interest in providing personal safety to an informant. See United States v. Hernandez-Berceda, supra; United States v. Larson, 612 F.2d 1301 (8th Cir. 1980). It is self-evident that a disclosure that would put the life of a confidential source or the lives of his or her family in jeopardy is not consonant with the reason for the existence of this important privilege. In the event, where disclosure under Roviaro might ultimately be necessary, the Sixth Circuit has imposed the

6

requirement that before the Court orders disclosure, it must first conduct an in camera interview of the alleged informant in order to "assess the relevance and possible helpfulness of the informant's identity to the defense." United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985). This procedure "has long been the accepted practice in this circuit, see United States v. Lloyd, 400 F.2d 414, 417 (6th Cir. 1968), as well as the predominating rule among our sister circuits." Sharp, supra, citing United States v. Ordonez, 737 F.2d 793, 810 (9th Cir. 1984); United States v. Lilla, 669 F.2d 99, 105 (2d Cir. 1983); and United States v. Varella, 692 F.2d 1352 (11th Cir. 1982), cert. denied, 464 U.S. 838, 104 S.Ct. 127 (1983).

### Disclosure in Connection with this Case

Defendant asserts that he is entitled to the identity of confidential witnesses used in connection with this case because they might supply a potential defense "...including but not limited to entrapment..." Defendant argues that like in Roviaro, "...the confidential informants was/were involved in the alleged illegal internet activities which are the focus of this prosecution." As such, defendant believes he is entitled to disclosure of their identities.

As articulated before, the court in Roviaro found that the informant was actually and actively involved in the criminal offenses for which the defendant was charged. Here, there was no involvement of the confidential witnesses with the defendant in the charged conduct.

An examination of the indictment reveals that the defendant is charged over an extended period of time, with producing, receiving, and possessing child pornography. Nowhere in defendant's request for disclosure does he assert that any confidential witness either participated or witnessed any illegal act for which the defendant is presently charged. This is because it simply never happened. A redacted version of the communications between the confidential witnesses and

the defendant has been supplied to the defendant. An examination of this reveals nothing of value to the defendant or his defense. Admittedly, the defendant made numerous admissions of conduct that he had engaged in, or conduct that he wished to engage in, with young boys. However, the defendant is not charged with that conduct. As such, the criteria supporting a Roviaro disclosure are simply not present.

Because the confidential witnesses were merely conveying oral information voluntarily supplied by the defendant about his admitted criminal conduct, they are more accurately considered "tipsters". As stated earlier, a tipster's identity need not be disclosed to the defense. Whitney, supra. WHEREFORE, it is respectfully submitted that defendant's request for disclosure be denied.

>															STEVEN M. DETTELBACH
>															UNITED STATES ATTORNEY
>
>															s/ Thomas O. Secor_____
>															Thomas O. Secor
>															Assistant United States Attorney
>															Four Seagate, Suite 308
>															Toledo, Ohio 43604
>															(419) 259-6376
>															Fax: (419) 259-6360
>															Thomas.Secor@USDOJ.GOV
>															Reg. No. 00198852

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the forgoing was electronically filed this   5th   day of February, 2010 to:

                          s/ Thomas O. Secor
                          Thomas O. Secor
                          Assistant U.S. Attorney